IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00190-04 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | WITHDRAW GUILTY PLEA |
| | ) | |
| ELIAS JAUREGUI,      (04) | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING  DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA**

**I.  INTRODUCTION**

On January 4, 2007, Defendant Elias Jauregui entered pleas of guilty to two drug offenses involving 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.  He now seeks, prior to sentencing, to withdraw from those guilty pleas, claiming that the court should have permitted him to enter pleas of guilty to the essential elements of the offenses without admitting to drug type and quantity; that his concession to drug quantity was forced; that the Government violated Federal Rule of Criminal Procedure 32(e)(1) by providing the court with information beyond that set forth in the

Second Superseding Indictment; and that the Second Superseding Indictment incorrectly labeled methamphetamine as a Schedule II controlled substance when in fact it is a Schedule III controlled substance. A hearing was held on the motion on June 15, 2007. After reviewing the motion, the supporting and opposing memoranda, and the arguments of the United States and Defendant, the court DENIES the motion to withdraw the guilty pleas.

## II.  BACKGROUND

On September 14, 2006, Defendant was charged in a two-count Second Superseding Indictment with conspiracy to knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (count 1) and possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (count 2).

On October 16, 2006, Defendant filed a "Notice of Change of Plea from Not Guilty to Guilty, Pursuant to Fed. R. Crim. P., Rule 11." In that pleading, Defendant stated that he desired to enter a plea of guilty to the two-count Second Superseding Indictment, but reserve the right "to have a jury determine the drug type and quantity attributable to me." Notice of Change of Plea at 4. He

claimed that pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002) (en banc), and *United States v. Thomas*, 355 F.3d 1191 (9th Cir. 2004), he had a right to enter pleas of guilty by admitting the essential elements of the offenses without admitting to the drug type and quantity.

The government disagreed. On December 7, 2006, the government filed a Memorandum Objecting to Guilty Pleas Without an Admission by Defendant as to the Drug Amount as Charged in the Second Superseding Indictment. Citing *United States v. Patterson*, 381 F.3d 859 (9th Cir. 2004), the government primarily argued that permitting a plea and subsequent jury determination as to drug type and quantity would result in a grave injustice. *Patterson* held that jeopardy attaches when a court accepts a plea of guilty, and that if a defendant appeals only a sentencing issue, any remand must be limited to the admission made by a defendant during his plea colloquy. Thus, the government feared that a reversal from a jury determination as to the drug type and quantity would result in a resentencing based solely on the admissions made by Defendant during his change of plea proceeding.

On December 20, 2006, the court ruled on this matter in open court. The confusion in this area stems primarily from *United States v. Thomas*, 355 F.3d 1191 (9th Cir. 2004). Thomas entered a plea of guilty without admitting to drug weight. The court denied Thomas's request for an evidentiary hearing to determine drug type and quantity on the assumption that a defendant admits all allegations in an indictment upon pleading guilty. The Ninth Circuit framed the issue before it as "whether the requirement of due process that drug quantity be pleaded in the indictment, submitted to a jury, and proved beyond a reasonable doubt transforms drug quantity into an element of the offense that a defendant necessarily admits when pleading guilty." *Id*. at 1194. The court concluded that "a defendant can plead guilty to the elements of the offense without admitting the drug quantity allegation." *Id*. at 1198. It is from this language that Defendant claimed that he had a right to enter a plea of guilty without admitting to drug type and quantity.

As this court stated during the December 20, 2006 hearing, "[t]he issue [in *Thomas*] was not whether the district court must accept a plea if the defendant admits all elements of the offense but does not admit drug weight. The issue is simply whether the drug quantity was an element and, therefore, the

defendant necessarily admits the element when pleading guilty." 12/20/06 Tr. 5. Further, *Thomas* states that a defendant *can* enter such a plea, not that the court *must accept* such a plea.

During the December 20, 2006 hearing, the court also examined *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000), *United States v. Banuelos*, 322 F.3d 700 (9th Cir. 2003), and *United States v. Patterson, supra.* These cases raise a legitimate concern that if the court accepted Defendant's pleas of guilty and then empaneled a jury to determine drug type and quantity, a reversal of the sentence would result in a remand with instructions to resentence solely on the facts admitted during the change of plea proceeding. As the court stated during the hearing, *Thomas* did not contemplate "its ruling to be used as an offensive sword in this fashion. And given the uncertainty in this area, I believe reading *Thomas* as narrow as possible is appropriate." 12/20/06 Tr. 11.

The court then ruled, in its discretion, it would not accept a plea of guilty without an admission as to drug type and quantity. Defendant requested more time to consider his options. Defendant, after apparently considering the matter, decided to enter pleas of guilty to counts 1 and 2 of the Second Superseding Indictment with an admission of drug type and quantity.

5

During the January 4, 2007 Rule 11 proceeding, Defendant affirmed that he had enough time to consider the charges against him and make an informed decision to plead guilty. 1/4/07 Tr. 8. He likewise stated no one threatened him or anyone else or forced him to plead guilty; instead, he confirmed that he was entering the pleas of guilty of his own freewill because he was guilty. *Id*. at 10. Defendant understood the maximum penalties for the two offenses, along with the twenty-year mandatory minimum.[1] *Id*. at 13-14. The court carefully explained Defendant's right to a jury trial, the presumption of innocence, the right to cross-examination, and other associated rights. *Id*. at 14-17. Defendant knowingly waived these rights. *Id*. at 17-18. The court also confirmed that Defendant understood the sentencing process in federal court, including the sentencing guidelines, the 18 U.S.C. § 3553(a) factors, and the twenty-year mandatory minimum sentence. *Id*. at 18-24. Defendant acknowledged that he could not seek to withdraw from the pleas "just because you want to get out of it." *Id.* at 23-24.

Defendant then admitted to the elements of the offense conduct. Specifically, he admitted that he was asked to accompany females from California

---

[1] On August 21, 2006, the United States filed a Special Information as to Prior Drug Conviction of Defendant Pursuant to Title 21, United States Code, Section 851. This Information states that Defendant is subject to an increased penalty, in this case a twenty-year mandatory minimum, based on a 1998 California felony drug conviction.

to Hawaii five to six times.  By the second or third of these trips, Defendant knew that the females were transporting illegal drugs that he believed to be methamphetamine.  *Id*. at 32.  Defendant described his role as helping the females -- "if the girls needed anything, they were to contact me.  And then I was to call him, and then that was a link."  *Id*. at 33.  He admitted that he knew the females were body-carrying illegal drugs that he suspected to be methamphetamine, and that his role was to help with the transportation of the females (and thus the drugs as well).  *Id.* at 35.  Defendant also knew that the drugs were intended for further distribution in Hawaii.  *Id*. at 36.

        Defendant further explained that the supplier gave the drugs to Defendant in a bag with clothes, which he then gave to one of the females.  The bag could have weighed one or two pounds.  *Id*. at 36-37.  When asked if during the course of the last three trips more than 500 grams were transported, Defendant replied, "yeah, I think so."  *Id*. at 37.  When asked if he agreed that the transportation of over 500 grams was reasonably foreseeable to him, Defendant replied, "Yeah, yeah."  *Id*. at 37.  Defendant was asked twice again, if it was reasonably foreseeable that over 500 grams of methamphetamine were involved in the conspiracy.  He stated, "Yes."  *Id* at 38-40.

7

### III. LEGAL STANDARD

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw from a plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Although the burden is on the defendant to demonstrate a fair and just reason to withdraw from the plea, this standard is to be applied liberally. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). The defendant need not show that the plea itself was invalid in order to prevail. *Id*. at 806.

"Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004)[2]. A mere change of heart about the decision to plead guilty is not a "fair and just reason." *United States v. Chong*, 167 F. Supp. 2d 1160, 1163 (D. Haw. 2001).

### IV. ANALYSIS

Defendant claims that he should be permitted to withdraw from his pleas because the court should have permitted him to enter pleas of guilty to the

---

[2] The Ninth Circuit has recently clarified that the failure to assert a claim of factual innocence should not count against a defendant seeking to withdraw a plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *United States v. Garcia*, 401 F.3d 1008 (9th Cir. 2005).

essential elements of the offenses without admitting to drug type and quantity; that his concession to drug quantity was forced; that the Government violated Federal Rule of Criminal Procedure 32(e)(1) by providing the court with information beyond that set forth in the Second Superseding Indictment; and that the Second Superseding Indictment incorrectly labeled methamphetamine as a Schedule II controlled substance when in fact it is a Schedule III controlled substance.  The court addresses each argument, ultimately finding that Defendant has failed to show a fair and just reason for withdrawal of the pleas.

**A.     The Determination of Drug Weight and Quantity**

Defendant first claims, in essence, that the court's December 20, 2006 ruling was in error.  Ultimately, Defendant may be proven correct after review by the Ninth Circuit.  But in ruling on a motion to withdraw a guilty plea, a defendant must prove an "inadequate Rule 11 plea colloqu[y], newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea."  Thus, he must demonstrate that the plea colloquy was insufficient or the discovery of something new or intervening.

Here, Defendant knew, as of December 20, 2006, that the court would not accept a plea of guilty unless he admitted drug type and quantity.  Defendant was given over two weeks to consider his options after the court ruled, and he

decided to enter pleas of guilty with an admission of drug type and quantity. Simply put, there are no new or intervening circumstances, a prerequisite to a finding of a fair and just cause to permit a withdrawal. Based on the court's ruling, the plea colloquy was adequate. Defendant's interpretation of the law differs from the court's; under these circumstances, he has failed to demonstrate a fair and just reason to withdraw. *See United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007).

### B.     The Drug Quantity Admission

Defendant's claim that the court "forced" him to concede to the drug quantity at the change of plea proceeding is meritless. Defendant was told that he could enter pleas with an admission of drug quantity or proceed to trial. Defendant, not the court, elected to enter pleas of guilty.

In sentencing a defendant to a penalty tied to a particular drug and weight, "the district court [is] required to find not only that the conspiracy distributed a particular type and quantity of drugs, but also that the type and quantity were either within the scope of [defendant's] agreement with his coconspirators or that the type and quantity were reasonably foreseeable to [defendant]." *United States v. Banuelos*, 322 F.3d 700, 704 (9th Cir. 2003).

Pursuant to this court's December 20, 2006 ruling, Defendant was required to make this same admission in entering pleas of guilty.

During the Rule 11 proceeding, Defendant admitted that he believed that he was involved in the transportation of over 500 grams of methamphetamine, and that it was certainly reasonably foreseeable to him that more than 500 grams of methamphetamine were transported to Hawaii during his last three trips.  When asked if during the course of the last three trips more than 500 grams were transported, Defendant replied, "yeah, I think so."  When asked if he agreed that the transportation of over 500 grams was reasonably foreseeable to him, Defendant replied, "Yeah, yeah."  Defendant was asked twice again, if it was reasonably foreseeable that over 500 grams of methamphetamine were involved in the conspiracy.  He stated, "Yes."  Defendant admitted the quantity of drugs involved knowingly and voluntarily.  He was not forced or compelled to make the admission; it was his choice.

C.    **Federal Rule of Criminal Procedure 32(e)(1)**

Federal Rule of Criminal Procedure 32(e)(1) provides that absent written consent from the defendant, "the probation officer must not submit a presentence report to the court or disclose its content to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty."  Defendant

claims that the government violated Rule 32(e)(1) by providing the court with a December 7, 2006 letter (with a copy to Defendant) containing a factual basis for the plea.

The government did not violate Rule 32(e)(1). The rule applies to presentence reports, not a factual basis for a plea. In any event, during the Rule 11 proceeding on January 4, 2007, the government's factual proffer mirrored the content of the December 7, 2006 letter.[3] In other words, the same information in the letter was provided to the court during the Rule 11 proceeding.

## D.     Methamphetamine as a Schedule II Controlled Substance

Defendant maintains that methamphetamine, other than in a liquid form, is a Schedule III controlled substance. He further claims that pursuant to 21 U.S.C. § 841(d)(1)(D), he faces a mandatory minimum sentence of ten years, and that he would not have entered pleas of guilty had he known the true mandatory sentence. In essence, he argues that he was misled by the government and the court, and that as a result his Rule 11 plea colloquy was inadequate.

---

[3] Federal Rule of Criminal Procedure 11(b)(3) requires the court to "determine that there is a factual basis for a plea." In accordance with normal practice, the court first asked the government to provide a proffer setting forth the facts supporting the plea. It was during this proffer that the government set forth the exact information contained in the December 7, 2006 letter.

Defendant's premise is incorrect. Although Congress initially placed methamphetamine in Schedule III and not Schedule II, Congress also directed that its initial scheduling decisions may be amended. Specifically, 21 U.S.C. § 811 provides that "the Attorney General may by rule . . . add to such a schedule or transfer between such schedules any drug or other substance" if he makes specific findings. The Attorney General has made these findings, reclassifying "methamphetamine, its salts, isomers, and salts of its isomers" as a Schedule II controlled substance, 21 C.F.R. § 1308.12(d), and the Ninth Circuit has held that "the Attorney General properly exercised this power in rescheduling methamphetamine." *United States v. Wilhoit*, 920 F.2d 9, 10 (9th Cir. 1990); *see also United States v. Kendall*, 887 F.2d 240 (9th Cir. 1989). The Second Superseding Indictment properly classified methamphetamine as a Schedule II controlled substance.

///

///

///

///

///

///

## IV. **CONCLUSION**

For the reasons stated above, Defendant's motion to withdraw from his pleas of guilty is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 20, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Jauregui*, Criminal No. 05-00190-04 JMS; Order Denying Defendant's Motion to Withdraw Guilty Plea